East'n District.
*June*, 1823.

CHURCHWAR-
DENS
*vs.*
PEYTAVIN.

---

*PACKWOOD* vs. *RICHARDSON—Ante,* 299.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The judgment lately rendered in this case, in favor of the plaintiff could not be made final, until a partition of the property sued for, was made. The cause was, therefore, remanded for that purpose.

Experts were appointed, who divided the lots and returned a proces verbal, of their proceedings to the district court. On going before the notary, the defendant filed an opposition to the partition, on the ground that no compensation was allowed for the buildings and improvements erected in good faith on the premises. The notary sent the parties before the court, who overruled the objection, and the defendant appealed.

Two questions are presented for our decision.

A possessor in good faith evicted, does not lose his right to be paid for improvements, by neglecting to pray for them in the answer to the petitory action.

Whether the plaintiff can have execution to deliver the object recovered, until the improvements are paid for.— *Quere.*

A possessor is not necessarily in bad faith from the time an action is commenced against him.

1NS 405
e114 553

PACKWOOD
vs.
RICHARDSON.

1st. Whether the defendant can be now heard on a claim of indemnity, for improvements?

And if he can, does his right extend to all the improvements put on the property, as well those made before, as those since, the present action was commenced against him?

On the first point we are clear, that the defendant has not lost his right to indemnity, by failing to set up a claim to it in the answer.

It is true, it is customary to do so, and the practice is a beneficial one, for it enables the court to do entire justice at once, and put an end to litigation; but there is no law which positively requires it, nor any rule of practice, or of pleading, which demands it. Something very positive should be shewn, to authorise us to declare a forfeiture of rights from such a circumstance. The necessity for the defendant to use this plea at all, has grown out of the decision of the court against rights which we have already declared, he was *bona fide* in using. The legal obligation to set up this defence, of course, did not previously exist. When there was no obligation, there could be no fault, and consequently there cannot be a forfeiture.

But whether the defendant can avail himself

of this defence in the present action, or is not driven to a suit to recover the value of his improvements, provided it should be seen hereaf- ter, that any thing is due him, presents a question of more difficulty. Nothing of the kind appears on the pleadings, and it is in some measure travelling out of them, to give judgment on matters not put at issue. In an ordinary case, where the defendant failed to plead that he was entitled to the value of his improvements, and judgment was given for an entire object, we should, from our present impressions, be inclined to believe, that execution could not be suspended, in order to ascertain how much the plaintiff owed for improvements. It is proper, however, we should remark, that by the 41*st law of the 28th title, of the third partida,* it is expressly directed, that *before the property be delivered,* the party who succeeds must pay to the other, all that he has expended for improvements. Leaving, therefore, the decision of this point, for a case in which it will become necessary, and confining ourselves to that now before us, we observe, that it differs from ordinary cases, in this important respect; that the judgment is not final; that a partition is to be made; and that in making this partition the

conflicting claims of the parties may be finally settled. The court sees too, from the statement signed, that the parties have already agreed upon a division, suited to every view which we can take of the right of the defendant, to the value of the improvements made by him. Under these circumstances, we are of opinion, as the whole matter in dispute, may be terminated by a partition, that it is our duty to direct it, and that we ought not to drive the defendant to an action, when we can do him justice now.

We have already declared that the defendant was a possessor *in good faith*, and according to our laws, such a possessor when evicted, has a right to be paid for his improvements, or to be reimbursed, a sum equal to the enhanced value of the soil. *Civil Code*, 104, *art.* 12. The counsel for the plaintiff, with great propriety, have not contested the principle, nor its application to this case, but they have urged that Packwood ceased to be a possessor in good faith, from the time suit was instituted, or at all events, from the time judgment was rendered in the district court.

According to the provisions of our *Code*, the person who has entered upon property with a

just title, and who is a *bona fide* possessor, ceases to be one from the moment defects are made known to him, in the title under which he holds. *Civil Code*, 104, 7. This provision leaves a considerable latitude to those who are called on to decide cases depending on that knowledge, and must frequently baffle enquiry. It makes a complete change in the former law, which declared the good faith to terminate with a suit commenced. *Domat, liv. 3, tit. 5, sec. 3, arts. 8 and 17. Ibid, tit. 7, sec. 4, art. 15. Dig. Lib. 5, tit. 3, l. 25, no. 7. Febrero, p. 1, chap. 7, sec. 2, no. 85. Par. 3, tit. 28, l. 39,* and it is somewhat inconsistent with another provision, that the buyer owes interest from the demand. *Civil Code*, 360, 84. The commentators on the French law, seem to regret that the provision was introduced into the Napoleon Code, as substituting a rule which from its arbitrary and uncertain nature, gives rise to a great deal of litigation, in place of the old and certain regulations, which made the good faith to cease from the time suit was commenced. *Toullier, Droit civil francais, no. 3, liv. 2, tit. 2, chap. 1, no 76. Pothier, Tratité de Propriété, no. 342, Ed. 1807, in notis.*

Called upon to apply the law to the case

now before us, we feel a difficulty in deciding what was the state of Mr Packwood's mind, at any particular period of this transaction, or in other words, when he was convinced that his possession was unjust; for there is a great difference between knowing that a title is set up, and a knowledge that it is a good one. It is extremely embarassing for us to say. Forced, however, to decide it, we bring to our aid, the maxim that bad faith is not presumed, that it must be proved; *Domat, liv 3, tit. 7, sect. 4, art.* 13, and that it has not been satisfactorily established, that the defendant knew Packwood had a better title than himself, at any time previous to the judgment of this court. Admitting the fact to be doubtful, this way of deciding it, best accords with the justice of the case. See *Toullier, Droit Civil, vol. 3. liv. 2, tit. 2, chap. no.* 77. *Pothier, traité de possession, no.* 83.

It is therefore ordered, adjudged and decreed, that the judgment of the district court confirming the partition, made before the notary, be avoided and reversed, and it is further ordered, adjudged and decreed, that a partition of the property sued for, be made as fol-

lows : by a line drawn from Magazine st. to Chapitoulas st. and equally distant at every point of it from the two sides, and from Chapitoulas st. prolonged to the river, by the line now drawn on the plan, in like manner, at equal distances from the two sides, and that the plaintiff do take the lower side, both from Magazine street, and Chapitoulas street—that a writ issue to put the plaintiff in possession of the portion herein decreed to him, and it is further ordered that the appellant pay the costs of this appeal.

It is ordered, that the judgment in this case, on the 18th instant, be corrected by substituting in place of these words, " that a writ issue to put the plaintiff in possession of the portion herein decreed to him," the following words, to wit : " that a writ issue to the sheriff, commanding him to deliver to the plaintiff, the defendant's possession, in the premises herein decreed to said plaintiff "

*Smith & Maubin* for the plaintiff, *Duncan* for the defendant.